**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | )
| ANTONIO MEDEROS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) | Civil Action No. 09-10999-RGS |
| | ) |
| ROBERT MURPHY, | ) |
| | ) |
| Respondent. | ) |

_____)

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS

Petitioner Antonio Mederos ("Petitioner")'s petition for a writ of habeas corpus (the "Petition") raises two claims against Respondents Robert Murphy, Harold Clarke, and the Commonwealth of Massachusetts ("Respondents"): (1) the state lacked jurisdiction to initiate civil commitment proceedings because Petitioner was subject to a federal removal order and (2) the Superior Court violated Federal immigration law when it acted upon the Commonwealth's SDP Petition to commit Petitioner.  Petitioner's claims – which boil down to a single jurisdictional argument – must be dismissed because they are not cognizable under 28 U.S.C. § 2254.  Furthermore, even if Petitioner made a valid claim under § 2254, it has no merit because the trial court's exercise of jurisdiction over the Commonwealth's petition for civil commitment proceedings against Petitioner was proper.

## FACTUAL ALLEGATIONS

On October 29, 1992, Petitioner was convicted in the Lynn District Court for indecent assault and battery on a child under age fourteen.  *See Commonwealth v. Mederos*, 71 Mass. App. Ct. 1123, 2008 WL 1958004, at *1 (May 7, 2008) (attached hereto as Exhibit ("Ex.") A).

1

While incarcerated on that conviction, Petitioner was indicted and charged in Superior Court with rape and abuse of a child under age sixteen and indecent assault and battery on a person over the age of fourteen. *Id.* Petitioner pleaded guilty to both charges on March 27, 2000 and subsequently was convicted. *Id.*

Petitioner's sentence was scheduled to end on January 14, 2003. *Id.* Pursuant to G.L. c. 123A, § 12, the Commonwealth timely filed a Sexually Dangerous Person ("SDP") Petition on December 19, 2002. *See* Docket Entry No. 1, *Commonwealth v. Mederos*, SUCV2002-05688 (attached hereto as Ex. B). On October 15, 2003, after a jury trial presided over by Sanders, J., Petitioner was adjudged a sexually dangerous person and committed to a term of one day to life in the Massachusetts Treatment Center in Bridgewater. *See* Ex. B, Docket No. 28; Petition, p. 1.

Petitioner filed a Notice of Appeal on November 18, 2003. *See* Ex. B, Docket No. 30. In his appeal, Petitioner alleged that the application of G.L. c. 123A, § 12 (1) violated his right to due process or the terms of the statute itself because he is subject to a federal removal order and (2) the state civil commitment proceeding was improper because it was preempted by the federal removal order. *See* Petitioner's Brief, *Commonwealth v. Mederos*, No. 2007-P-0841 (attached hereto as Ex. C). Finding that Petitioner failed to show that (1) any of his rights were violated, (2) he would be deported to Cuba, and (3) Federal immigration laws preempted the state civil commitment procedure, the Massachusetts Appeals Court denied Petitioner's appeal on May 7, 2008. *See Mederos*, 2008 WL 1958004, at * 2. The Massachusetts Supreme Judicial Court ("SJC") denied Petitioner's request for further appellate review on June 25, 2008. *See Commonwealth v. Mederos*, 451 Mass. 1108, 889 N.E.2d 435 (2008) (Table) (attached hereto as Ex. D).

On June 11, 2009, Petitioner filed the instant Petition, alleging that (1) the state lacked jurisdiction to initiate civil commitment proceedings because Petitioner was subject to a federal removal order and (2) the Superior Court violated Federal immigration law when it acted upon the Commonwealth's SDP Petition to commit Petitioner.  *See* Petition, pp. 6-8.

## ARGUMENT

I.     **THE PETITION MUST BE DISMISSED BECAUSE PETITIONER'S CLAIMS ARE NOT COGNIZABLE UNDER 28 U.S.C. § 2254.**

According to 28 U.S.C. § 2254, a federal court may review an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  22 U.S.C. 2254(a); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  The Petition, however, fails to allege any cognizable claim under § 2254.

Courts have held that "[t]he remedy [of habeas corpus] is limited to the consideration of federal constitutional claims."  *Burks v. Dubois,* 55 F.3d 712, 715 -716 (1st Cir. 1995), *citing Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) (affirming that the purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the Constitution).  Petitioner's two claims effectively argue the same point – that the Commonwealth (or, more specifically, the trial court) lacked jurisdiction to civilly commit Petitioner due to a pending deportation order to Cuba.  *See* Petition, pp. 6-8.  Petitioner's jurisdictional argument, however, does not raise a valid federal constitutional claim.  Thus, the Petition must be dismissed for failure to allege a cognizable federal constitutional claim pursuant

to § 2254.

Under limited circumstances, Courts may hear habeas petitions regarding violations of federal statutory law. Habeas courts, however, may only "check violations of federal laws when the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission consistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (internal quotations omitted). Even if Petitioner stated a violation of federal statutory law (which Respondent does not concede), Petitioner has not alleged, nor can he prove, that his civil commitment despite a pending deportation order results in a complete miscarriage of justice. For these same reasons, any purported federal due process claim based on the alleged absence of adequate state procedures or lack of jurisdiction must fail. Plaintiff's civil commitment was ordered after a jury trial. In addition, the state courts were not deprived of jurisdiction to resolve that case by the pending deportation order. Thus, Petitioner's claims cannot satisfy the threshold standard of § 2254 and, therefore, must be dismissed.

## II.     THE PETITION MUST BE DISMISSED BECAUSE THE SUPERIOR COURT PROPERLY HAD JURISDICTION TO CONSIDER THE COMMONWEALTH'S PETITION TO INITIATE CIVIL COMMITMENT PROCEEDINGS AGAINST PETITIONER.

Assuming *arguendo* that Petitioner's claims are cognizable under § 2254, the Petition still must be dismissed because the Superior Court's exercise of jurisdiction over the Commonwealth's petition to initiate civil commitment proceedings against Petitioner was proper.

The fact that Petitioner is subject to deportation does not guarantee Petitioner's removal to Cuba or otherwise eliminate the Commonwealth's need to keep a lawfully adjudicated sex offender confined to a secure facility. The federal government retains discretion to take no

4

action to effect removal or exclusion of an illegal alien from the United States.[1]  *See Reno v.*

*American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 484-85 (1999) (discretion with

respect to executing removal orders includes "discretion to abandon the endeavor" whether "for

humanitarian reasons or simply for … convenience"); *Carranza v. I.N.S.*, 277 F.3d 65, 72

(1st Cir. 2002) (deportation proceedings a matter of executive's inherent prosecutorial

discretion); *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) (whether to deport alien

"prior to completing a prison term is a matter solely within the discretion of the Attorney

General").  The state courts here determined that "nothing in the record indicates that

enforcement of the order was sought by Federal authorities."  *See Commonwealth v. Mederos*, 71

Mass.App.Ct. 1123, 2008 WL 1958004, at *2 (May 7, 2008).  Petitioner was not taken into

custody by federal authorities, nor did the federal authorities seek to intervene in the ongoing

state proceedings.  *See id.*

　　　　Furthermore, Petitioner's argument that civil commitment unlawfully interferes with the

federal government's ability to enforce its deportation order is inapposite.  As a general rule, not

every state rule that deals with aliens is a regulation of immigration and therefore preempted by

the exclusive federal power to regulate immigration.  "Federal regulation … should not be

deemed preemptive of state regulatory power in the absence of persuasive reasons – either that

the nature of the regulated subject matter permits no other conclusion, or that the Congress has

unmistakably so ordained."  *De Canas v. Bica*, 424 U.S. 351, 356 (1976) (internal quotations

omitted).  The SJC has recognized, as primary tenets of federal preemption analysis, that

"Congress is presumed to not intend to displace state law" and that when Congress intends to

preempt the state it "makes its intention abundantly clear."  *Archambault v. Archambault*, 407

---

[1]

Mass. 559, 565 (1999) (internal quotations omitted).

For these reasons, courts have held that a pending deportation order does not prevent civil commitment. *See, e.g.*, *In the Matter of the Civil Commitment of: Hayden Michael Richards (Richards)*, 738 N.W.2d 397 (Minn. 2007). In *Richards*, the petitioner argued that he was not a proper candidate for civil commitment because he is subject to a deportation order to Trinidad and, therefore, is not a danger to the community. The court rejected this argument and held "[a] federal deportation order does not deprive the district court of jurisdiction to civilly commit Richards … the fact that Richards may be deported by the Department of Immigration and Homeland Security in the future does not make him an improper candidate for civil commitment." *Id.* at 399.

Similarly, as the Appeals Court held:

> [Petitioner]'s reliance on the deportation order is fatally flawed. Nothing in the record indicates that enforcement of the order was sought by Federal authorities, or that [Petitioner] was actually taken into custody. Nor is there any indication that any procedure was initiated to intervene in the Commonwealth's proceedings, so no question of preemption of our laws is before us. … [Petitioner] fails to show that Federal immigration laws preempt our civil commitment procedure.

*Commonwealth v. Mederos*, 71 Mass.App.Ct. 1123, 2008 WL 1958004, at * 2 (May 7, 2008).

Thus, the Petition must be dismissed because the trial court's exercise of jurisdiction over the Commonwealth's petition for civil commitment proceedings against Petitioner was proper.

## **CONCLUSION**

For all the foregoing reasons, this Court should dismiss the Petition against Respondents Robert Murphy, Harold Clarke, and the Commonwealth of Massachusetts.

6

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL


/s/  Jennifer L. Sullivan
Jennifer L. Sullivan (BBO No. 663945)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833


Dated:  September 25, 2009


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Petitioner at the address below on September 25, 2009, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Antonio Mederos
Prisoner No. M-82272
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA 02324


/s/ Jennifer L. Sullivan
Jennifer L. Sullivan (BBO No. 663945)
Assistant Attorney General